Betty Prescott, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Shirley Messner, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Bobbie Brown, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

252

Argued February 1, 1978, before President Judge
BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR.,
MENCER, ROGERS, BLATT and DiSALLE.

*William C. Knapp*, with him *Thomas C. Reed* and
*David G. Petonic*, for petitioners.

*Robert E. Kelly*, Assistant Attorney General, for
respondent.

OPINION BY JUDGE CRUMLISH, JR., June 6, 1978:
Betty Prescott, Shirley Messner and Bobbie Brown
(Petitioners) appeal the determination of the Depart-
ment of Public Welfare (DPW) in three separate de-
cisions which were consolidated by Order of this Court
because they present a common question of law.

In each case, DPW determined that Petitioners were not entitled to incentive payments for assigning their child support orders to DPW for collection. The child support was to be offset against the amount each Petitioner received from DPW in the Aid to Families with Dependent Children (A.F.D.C.) program. Due to DPW's delay, no portions of the support orders were actually collected by it and DPW held that since incentive payments could only be paid out of sums which it had actually collected, no money was owing to Petitioners.

In 1975, the Congress modified the A.F.D.C. program to require a recipient family to assign its right to child support to the state.[1] The states were required to actually collect these sums[2] and offset them against the amounts paid out in A.F.D.C.[3] In order to provide an incentive for A.F.D.C. families to assign their support orders and cooperate with the state's efforts to collect them, a cash incentive was provided. Each family could receive an additional payment over and above the A.F.D.C. to which it was entitled. This amounted to 40% of the first $50.00 in child support *actually collected* by the state.[4] The balance collected is used to reimburse the state and federal governments for the benefits paid out to the recipient family in the A.F.D.C. program.[5]

As we have already noted, DPW failed to process the petitions assignment and consequently collected no money. For that reason, DPW held that it could not

---

[1] 42 U.S.C.A. §602(a)(26)(A).

[2] 42 U.S.C.A. §654(5) and (7).

[3] 42 U.S.C.A. §657(a)(1) to (4).

[4] 42 U.S.C.A. §657(a)(L).

[5] The program expired in September of 1976. After September 20, 1976, no incentive payments were authorized.

pay any incentive payment because it was only authorized to make such payments out of sums actually collected. We agree and affirm DPW except in the case of Bobbie Brown, where a somewhat different fact pattern requires a remand to ascertain additional facts.

Even the most cursory reading of the applicable federal law demonstrates that it was the intent of the statute to reimburse recipient only for sums actually collected by the state. 42 U.S.C.A. §654(11) states, "A state plan for child support must provide that *amounts collected* as child support *shall be distributed* as provided in Section 657 of this title." (Emphasis added.) Section 657 states:

§657. Distribution of proceeds—Amount collected during fifteen month period beginning July 1, 1975

(a) The amounts *collected* as child support by a State pursuant to a plan approved under this part during the 15 months beginning July 1, 1975, *shall be distributed as follows:*

(1) 40 per centum of the first $50 of such amounts *as are collected* periodically which represent monthly support payments shall be paid to the family without any decrease in the amount paid as assistance to such family during such month;

(2) such amounts *as are collected* periodically which are in excess of any amount paid to the family under paragraph (1) which represent monthly support payments shall be retained by the State to reimburse it for assistance payments to the family during such period (with appropriate reimbursement of the Federal Government to the extent of its participation in the financing);

(3) such amounts as are in excess of amounts retained by the State under paragraph (2) and are not in excess of the amount required to be paid during such period to the family by a court order shall be paid to the family; and

(4) such amounts as are in excess of amounts required to be distributed under paragraphs (1), (2), and (3) shall be (A) retained by the State (with appropriate reimbursement of the Federal Government to the extent of its participation in the financing) as reimbursement for any past assistance payments made to the family for which the State has not been reimbursed or (B) if no assistance payments have been made by the State which have not been repaid, such amounts shall be paid to the family. (Emphasis added.)

This interpretation is echoed by the applicable federal regulations set forth in 45 C.F.R. §302.51(b) (1977), which state, "The amounts collected by the agency pursuant to the state plan for children . . . *shall be distributed* as follows. . . ." A state agency, such as DPW, can only disburse funds in accordance with the applicable statute. Since the collection of the sum is a prerequisite to the payment of the incentive, in the absence of such collection, no funds may be disbursed.

Moreover, from an equitable standpoint, the argument set forth by Petitioners Prescott and Messner lacks merit. If DPW had promptly processed their assignment, all they would have received was their usual A.F.D.C. and $20.00 (40% of the first $50.00 collected). The remainder of the child support payment would have been held by DPW as reimbursement for the A.F.

D.C. paid out. Because of DPW's error, these Petitioners received their usual A.F.D.C. together with the *full amount* of their child support which in each case was greater than $20.00.[6] They now demand an additional $20.00 per month in some sort of compensation for DPW's error which favored them! It is clear that the only persons damaged due to DPW's error were, as usual, the taxpayers since the amount of child support should have been collected and offset against Petitioners' A.F.D.C. payments.

Accordingly, we find no merit in Petitioners' claims that they have been denied due process and equal protection of the law.

The case of Bobbie Brown (Brown) requires slightly different treatment. As required, she executed her assignment in November of 1975 but no action was taken by DPW. From April of 1976 until September of 1976 Brown received approximately $250.00 a month in child support. She reported this income to DPW in May of 1976 and her A.F.D.C. was *reduced* in June to reflect this additional income.[7] If DPW reduced her grant in an amount equal to that support check, DPW has obtained the same financial benefits from the child support as if it had physically received same and offset the amount against the A.F.D.C. Brown received. For this reason, it would seem to us that an incentive payment would be owing to Brown for each of the months in which her A.F.D.C. was reduced. The record, however, although indicating that Brown's A.F.D.C. was reduced, does not indicate the amount nor the precise period during which they were reduced. We

---

[6] Shirley Messner actually received in checks $80.00 per month from September of 1975 until August of 1976. Betty Prescott received $133.40 per month in child support during that period.

[7] Nothing in the record indicates that the A.F.D.C. payments of the claimants were also reduced.

therefore remand this case to DPW for a determination of the amount and period during which Brown's benefits were reduced. An incentive payment shall be paid to her as if the sums by which her A.F.D.C. were reduced had been actually collected by DPW as child support.

Accordingly, we

## ORDER

AND Now, this 6th day of June, 1978, the decisions of the Department of Public Welfare in the cases of Betty Prescott, No. 2256 C.D. 1976, and Shirley Messner, No. 6 C.D. 1977, are affirmed. The case of Bobbie Brown, No. 387 C.D. 1977, is remanded for a determination of the amount and period during which Brown's benefits were reduced. An incentive payment shall be paid to her as if the sums by which her A.F.D.C. were reduced had been actually collected by DPW as child support.

## ORDER

AND Now, this 25th day of July, 1978, our Order of June 6, 1978, is modified as follows:

The decisions of the Department of Public Welfare in the cases of Betty Prescott, No. 2256 C.D. 1976, Shirley Messner, No. 6 C.D. 1977, and Bobbie Brown, No. 387 C.D. 1977, are remanded for determinations of the amounts and periods during which their benefits were reduced. Incentive payments shall be paid to them as if the sums by which their A.F.D.C. were reduced had been actually collected by DPW as child support.

The petitions filed by Petitioners Betty Prescott and Shirley Messner are denied to the extent that reargument is sought.